104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Beverley P. ADDISON, Petitioner,
v.
DEPARTMENT OF TREASURY, Respondent.
 No. 96-3279.
 United States Court of Appeals, Federal Circuit.
 Dec. 11, 1996.
Rehearing Denied Feb. 6, 1997.
 
 Before RICH, CLEVENGER, and BRYSON, Circuit Judges.
 Decision
 PER CURIAM.
 
 
 1
 Petitioner Beverley P. Addison (petitioner) appeals the initial decision of the Merit Systems Protection Board which became final March 28, 1996, upon denial of review by the full board. Administrative Judge Bogle (the AJ) affirmed the action of the Department of Treasury (Treasury) removing petitioner from the position of Internal Revenue Agent, GS-512-13, Assistant Commissioner (Examination), Internal Revenue Service (IRS). We affirm.
 
 Discussion
 
 2
 The AJ found that the following charges against petitioner were sustained by preponderant evidence:
 
 
 3
 1. Falsification based on fraudulent claims for reimbursement of relocation expenses and false statements that she was an employee of the Federal Bureau of Investigation (FBI);
 
 
 4
 2. Misuse of position and conduct unbecoming an IRS employee based on false statements that she made concerning her employment with the FBI;
 
 
 5
 3. Theft based on a request for and receipt of a second paycheck, alleging that the first was lost, and cashing both without repayment; and
 
 
 6
 4. Indebtedness because petitioner had an outstanding balance of $950.27 at the Marriott Corporation for lodgings in connection with her official IRS duties, for which the Marriott Corporation had to involve the IRS to obtain payment and is still owed $315.25.
 
 
 7
 Based on these sustained charges, the AJ concluded that the IRS established the requisite nexus between the adverse action of dismissal and the efficiency of the IRS because the sustained charges directly related to trust and confidence of the IRS in the petitioner's job performance. The AJ ultimately concluded that the penalty imposed, removal from petitioner's position, was reasonable.
 
 
 8
 Petitioner asserts that evidence presented by the IRS did not meet the preponderance of the evidence standard to sustain the charges against her. Basically, petitioner is asking us to reweigh the factual findings of the AJ and make fresh credibility determinations. Such a review is not within the purview of our standard of review.
 
 
 9
 We may only set aside the initial decision if we find the AJ's findings to be:
 
 
 10
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 11
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 12
 (3) unsupported by substantial evidence....
 
 
 13
 5 U.S.C. § 7703(c) (1994). We find that the decision by the AJ was supported by substantial evidence.
 
 
 14
 Petitioner also asserts that the decision was obtained without procedures required by law because she was denied the presentation of her case through witnesses. The decision to allow a witness to testify at a hearing before the AJ is within the sound discretion of the AJ. If an abuse of discretion did occur, the petitioner must prove that the error caused substantial harm or prejudice to her rights which may affect the outcome of her case. Curtin v. Office of Personnel Management, 846 F.2d 1373, 1379 (Fed.Cir.1988).
 
 
 15
 Petitioner did not submit her witness list in a timely fashion as required by an order of the AJ of October 30, 1995. Nevertheless, the AJ did allow petitioner to call a witness at the hearing. We find no abuse of discretion in the AJ's action of excluding testimony from witnesses that the petitioner sought to put forth.